# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

July 5, 2022

Hon. Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** **Plaintiff's Opposition to Defendants' Request for Pre-Motion Conference to File a Motion for Dismissal [DE 16]**
*Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al.,* **No. 1:22-cv-02314-EK-LB**

Dear Judge Komitee:

This firm, along with Nassau Suffolk Law Services Committee, Inc., represents Plaintiff Lovern Onfroy in the above-entitled action regarding violations of the Fair Debt Collection Practices Act ("FDCPA"), N.Y. General Business Law § 349, and for gross negligence. All Defendants save Kenneth J. DeCota have filed a request for a pre-motion conference seeking dismissal of the Complaint pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6).

1. **Plaintiff has Article III standing.**

*Transunion LLC v. Ramirez,* 141 S.Ct. 2190 (2021) is summarized in the first paragraph of the decision:

> "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing. Central to assessing concreteness is whether the asserted harm has a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including (as relevant here) reputational harm." *Id.* at 2200.

The holdings in *Ramirez* as to concreteness can be summarized as follows: for intangible harms, there must be "a close historical or common-law analogue for their asserted injury." *Id.* at 2204. The Court held that an "exact duplicate" of the analogue, in *Ramirez* defamation, was not needed but that the element tied to injury needed to be established, which for defamation was publication. *Id.* at 2209-2211

Here, Plaintiff has economic injuries that historically have always provided Article III standing, specifically "paying for parking meters and copying, as well as lost time and having to take off from work for multiple court settings." Dkt. No. 1, ¶ 230. As noted in the Complaint ("multiple court settings"), if Defendants had not filed the deceptive additional lawsuits, there would have been less appearances that Ms. Onfroy would need to make, and accordingly less parking meter and copying costs and less time taken off from work.

There are also two common law analogues applicable to Plaintiff's intangible injuries

under the *Ramirez* standard. The first is negligence. "The elements of a negligence claim under New York law are: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'" *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) *quoting Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir.2002). As publication causes injury for defamation (*see Ramirez,* at 2209-2211), so breach of duty causes injury with negligence. "Creditors and debt collectors owe debtors 'a duty of reasonable care' in the collection of their debts." *Hawkins-El v. First American Funding, LLC,* 891 F.Supp.2d 402, 419 (E.D.N.Y. 2012) *quoting Colo. Capital v. Owens,* 227 F.R.D. 181, 191 (E.D.N.Y. 2005). Defendants, creditors and debt collectors respectively, breached their duty of reasonable care to Ms. Onfroy by filing multiple collection lawsuits against her seeking multiple judgments on the same rental arrears.

The second is abuse of process. "In New York, 'a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) *quoting Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir.1994). As publication causes injury for defamation (*see Ramirez,* at 2209-2211), so does the legal process compelling performance or forbearance of some act cause injury for abuse of process. Here, Defendants successfully obtained a default judgment against Ms. Onfory in the Second Collection Lawsuit, as they did against 6 out of 14 other identified consumers subjected to this deceptive practice by Defendants.

### 2. Plaintiff has stated claims under 15 U.S.C. § 1692e.

Whether a communication is "'false, deceptive, or misleading' under the FDCPA is determined from the perspective of the objective 'least sophisticated consumer.'" *Easterling v. Collecto, Inc.,* 692 F.3d 229, 233 (2d Cir. 2012) *quoting Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). A clear analogue to Plaintiff's 1692e claims here is the case law on filing time-barred lawsuits, which state violations under 1692e because the filing of a lawsuit or "the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate." *Cameron v. LR Credit 22*, LLC, 998 F. Supp. 2d 293, 300 (S.D.N.Y. 2014) *quoting Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 393 (D.Del. 1991). Here, Defendants knew or should know that they could not obtain multiple judgments on the same rental arrears, but nevertheless filed three collection lawsuits against Ms. Onfroy all regarding the same rental arrears. Dkt. No. 1 ¶¶ 45,67-71, 82-86; Dkt. No. 1-6, Dkt. No. 1-9, Dkt. No. 1-14.

Plaintiff also alleges that Attorney Defendants failed to perform a meaningful attorney review of the Third Collection Lawsuit. Dkt. No. 1 ¶¶ 87-89. The FDCPA expressly prohibits "[t]he false representation or implication that any individual is an attorney or that any communication from an attorney." 15 U.S.C. § 1692e(3). A communication purporting to be made by an attorney will violate this section if there has not been "some degree of attorney involvement." *Musah v. Houslanger & Assocs.*, PLLC, 962 F. Supp. 2d 636, 640 (S.D.N.Y. 2013) *quoting Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir.2003). Whether there has been "some degree" is determined by "whether the attorney's examination of the case file was adequate to permit determination of 'whether [the debtor] *was or was not obligated to pay the debt*.'" *Id.* at 641 *quoting Miller,* 321 F.3d at 305 [emphasis added].

3. **<u>Abstention doctrine does not apply to this case.</u>**

Abstention is "an extraordinary and narrow exception" to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 817 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817. "In determining whether this exception is applicable, the court should consider (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) *citing Colorado River,* 424 U.S. at 818 [internal citations removed].

Nonpayment actions are special proceedings brought pursuant to Article 7 of New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") and governed by the procedural and jurisdictional limitations set out in R.P.A.P.L. § 7 and C.P.L.R. § 400 et. seq. The ability to assert counterclaims is limited and must be "inextricably intertwined" with the proceeding. R.P.A.P.L. §735; C.P.L.R. § 408; *Warrin v. Haverty*, 149 A.D. 564 (1912). In sum, nonpayment proceedings are concerned with and designed to quickly deal with questions of possession; they are not meant to be a forum for other issues between the landlord and the tenant. Plaintiff's claims in this action could not be brought as counterclaims in the nonpayment actions by Defendants against Plaintiff.

As to the action for a money judgment in the Supreme Court, County of Nassau, it does not satisfy the exceptional circumstances needed for abstention to apply. The action in the Supreme Court solely concerns whether Ms. Onfroy owes rental arrears to Defendants – as Defendants themselves note, that is not an issue in this lawsuit. Defendants have proffered no reason why this forum would be less convenient for them. Staying or dismissing this action would not avoid piecemeal litigation. Plaintiff's FDCPA claim is a federal claim for which this Court has federal question jurisdiction.

Courts in this Circuit have generally found abstention does not apply to a federal lawsuit for the FDCPA where there is a pending collection lawsuit in state court. *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 248 (W.D.N.Y. 2019); *Page v. Forster & Garbus, LLP*, No. 18CV3611SJFARL, 2019 WL 5696108, at *4 (E.D.N.Y. June 17, 2019); *Winslow v. Forster & Garbus, LLP*, No. CV 15-2996 (AYS), 2017 WL 6375744, at *9 (E.D.N.Y. Dec. 13, 2017); *Fritz v. Resurgent Capital Servs., LP*, 955 F.Supp.2d 163, 175 (E.D.N.Y. 2013).

For these reasons, Plaintiff opposes as futile Defendants' request for a pre-motion conference to file a motion for dismissal.

Sincerely,

/s/

Emma Caterine