# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

August 31, 2022

<u>VIA ECF</u>
Hon. Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Plaintiff's Opposition to Defendant Kenneth J. DeCota's Request for Pre-Motion Conference to File a Motion for Dismissal [DE 19]
*Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al.,* No. 1:22-cv-02314-EK-LB

Dear Judge Komitee:

This firm, along with Nassau Suffolk Law Services Committee, Inc., represents Plaintiff Lovern Onfroy in the above-entitled action regarding violations of the Fair Debt Collection Practices Act ("FDCPA"), N.Y. General Business Law § 349, and for gross negligence. On August 5, 2022, Defendant Kenneth J. DeCota filed a request for a pre-motion conference seeking dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Whether DeCota's present circumstances are sympathetic is not relevant to whether Plaintiff has stated a claim – moreover, as outlined more completely in Plaintiff's First Amended Complaint [Dkt. No. 21] (hence "FAC"), DeCota's similar deceptive filings against other consumers puts into doubt his self-portrait as a naïve young attorney doing his job with no understanding of the harm his misrepresentations were causing.

### 1. Defendant DeCota Is a Debt Collector.

DeCota coyly cites to the leading authority in this Circuit on interpreting the definition of a debt collector under the FDCPA, *Goldstein*, without presenting the factors *Goldstein* used to reach its conclusions. Dkt. No. 19, p. 2 *quoting Goldstein v. Hutton, Ingrain, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56 (2d Cir. 2004) ("FDCPA establishes two alternative predicates for 'debt collector' status – engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity"). "[W]hether a lawyer or law firm 'regularly' engages in debt collection activity within the meaning of section 1692a(6) of the FDCPA must be assessed on a case-by-case basis in light of factors bearing on the issue of regularity." *Id.* at 62. The factors listed by the Court in *Goldstein* were "(1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations." *Id.* at 62-63. *Goldstein* thus concluded that

145 rent demand notices over a period of three years was "regularly" engaging in debt collection even though those activities only generated 0.05% of the firm's revenue. *Id.*

In suits where Mott was double-suing for the same rent and the consumer defaulted, it was always Mr. DeCota who filed the applications for default. FAC, ¶¶ 36, 96-99, 131-134, 140-143, 149-152, 161-164, 171-174, 181-184, 190-193, 202-205, 210-213, 219-222, 229-232, 237-240. While Mr. DeCota only succeeded in obtaining 6 default judgments, it was not for lack of trying, given that he applied for default judgments against 12 of the 14 consumers where there overlapping rental arrears. *Id.* All of these lawsuits, and thus all of Mr.DeCota's deceptive applications for default judgments, were done on behalf of the various entities in the ATM enterprise for alleged rental arrears. FAC ¶¶ 30-31. The P.C.'s principal purpose is the collection of consumer debts, something Mr. DeCota was undoubtedly aware of when he joined the firm. FAC ¶ 29.

DeCota cites to *White v Simonson*, 23 F Supp 2d 273, 278 (E.D.N.Y. 1998) (Dkt. No. 19, p. 2) but there a firm was found not to regularly be collecting debts "by sending out one mailing of thirty-five collection letters in nearly four decades of practice." That is not the case here. As DeCota admits (Dkt. No. 19, p. 1), the dozens of applications for default judgments and other debt collection activity he did was over "only approximately two years," not four decades of practice. There is no ambiguity – Mr. DeCota regularly collected debts owed or due another, specifically through applications for default judgments (as well as other motions and court appearances) as an attorney at the P.C. on behalf of the ATM enterprise.

2. **Defendant DeCota's Representations in the Application for Default Judgment Are Deceptive under 15 U.S.C. § 1692e.**

Whether a communication is "'false, deceptive, or misleading' under the FDCPA is determined from the perspective of the objective 'least sophisticated consumer.'" *Easterling v. Collecto, Inc.,* 692 F.3d 229, 233 (2d Cir. 2012) *quoting Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). A clear analogue to Plaintiff's 1692e claims here is the case law on filing time-barred lawsuits, which state violations under 1692e because the filing of a lawsuit or "the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate." *Cameron v. LR Credit 22*, LLC, 998 F. Supp. 2d 293, 300 (S.D.N.Y. 2014) *quoting Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 393 (D.Del. 1991). Here, DeCota knew or should know that his firm could not obtain multiple judgments on the same rental arrears, but nevertheless filed an application for a default judgment on the same rental arrears. FAC ¶¶ 95-101. The violations here are not mere procedural error – DeCota made express and facially inaccurate representations to the Court and to Ms. Onfroy, specifically "Plaintiff is entitled to judgment [sic] its favor against Defendant LOVERN ONFROY" (FAC ¶ 99) and "No prior application has been made for the relief requested herein" (FAC ¶ 101).

Plaintiff also alleges that DeCota failed to perform a meaningful attorney review of the Application for Default Judgment. FAC ¶¶ 98-99. The Application stated that Mr. DeCota was "fully familiar with all of the facts **and prior proceedings had** herein." FAC ¶ 99 [emphasis added]. The FDCPA expressly prohibits "[t]he false representation or implication that any individual is an attorney or that any communication from an attorney." 15 U.S.C. § 1692e(3). A communication purporting to be made by an attorney will violate this section if there has not

2

been "some degree of attorney involvement." *Musah v. Houslanger & Assocs.*, PLLC, 962 F. Supp. 2d 636, 640 (S.D.N.Y. 2013) *quoting Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir.2003). Whether there has been "some degree" is determined by "whether the attorney's examination of the case file was adequate to permit determination of 'whether [the debtor] *was or was not obligated to pay the debt*.'" *Id.* at 641 *quoting Miller,* 321 F.3d at 305 [emphasis added]. As stated in the FAC, it is clear that Mr. DeCota either falsely represented that he had performed a meaningful review, or he had performed a meaningful review but nevertheless falsely asserted that Defendants were entitled to a judgment despite seeking the same rental arrears in the Third Collection Lawsuit. FAC ¶¶ 98-99.

### 3. GBL § 349 Applies to Debt Collection, Including the Collection of Rental Arrears.

DeCota ignores clear case law applying GBL § 349 to consumer-oriented conduct involving a residential lease. *23 Realty Assoc. v. Teigman*, 213 AD2d 306, 308 (1st Dept 1995) ("An apartment dweller is today viewed, functionally, as a consumer of housing services—as much a consumer as the purchaser of any other goods or services"); *Lozano v. Grunberg,* 195 A.D.2d 308 (App. Div. 1st Dept. 1993) (GBL § 349 claims for landlord's repeated issuances of deceptive notices); *Myerson v. Prime Realty Services, LLC,* 7 Misc.3d 911, 921 (Sup. Ct. NY Co. 2005) (GBL § 349 claims for false demand to tenants to disclose social security number); *Quinn v. Parkoff Operating Corporation*, 59 Misc. 3d 1202(A) (N.Y. Sup. Ct. 2018) ("generally [] a landlord-tenant claim may fall within General Business Law § 349").

Even more to the point, debt collection has been repeatedly found to be consumer-oriented conduct under GBL § 349, and DeCota provides no reason why his debt collection should be treated any differently. *McCrobie v. Palisades Acquisition XVI, LLC,* 359 F. Supp. 3d 239, 255 (W.D.N.Y. 2019) (collecting debts that Defendant "did not in fact have the legal right to collect that debt" was consumer-oriented); *Rozier v. Fin. Recovery Sys., Inc.*, No. 10-CV-3273 DLI JO, 2011 WL 2295116, at *5 (E.D.N.Y. June 7, 2011) (deceptive form debt collection letter was consumer-oriented); *Campbell v. MBI Assocs., Inc.,* 98 F. Supp. 3d 568, 588 (E.D.N.Y. 2015) ("sending form collection letters" that are deceptive can be consumer-oriented as opposed to letter sent particularly to one consumer by mistake).

### 4. DeCota Had a Reasonable Duty of Care as a Debt Collector to Ms. Onfroy Which He Breached by Filing the Applications for Default Judgment

"Creditors and debt collectors owe debtors 'a duty of reasonable care' in the collection of their debts." *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012), *aff'd,* 529 F. App'x 45 (2d Cir. 2013) *quoting Colo. Capital v. Owens,* 227 F.R.D. 181, 191 (E.D.N.Y.2005). "Defendants owe a duty to take reasonable steps in performing their work, and to take reasonable steps to ensure they do not link a debt to the wrong party…[and] a duty to make a reasonable effort to get the information right, to avoid the harm to innocent, similarly named parties" *Lindor v. Palisades Collection, LLC*, 30 Misc. 3d 754, 762-763, 914 N.Y.S.2d 867, 874 (Sup. Ct. 2010). DeCota also owed Plaintiff a duty of reasonable care statutorily through the FDCPA and GBL § 349. *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *7 (S.D.N.Y. Mar. 29, 2018) ("N.Y. G.B.L. § 349 sets a standard of care by prohibiting specific practices," including filing lawsuits on debts not owed).

For these reasons, Plaintiff opposes as futile DeCota's request for a pre-motion conference to file a motion for dismissal.

3

Sincerely,
/s/
Emma Caterine