# AHMAD KESHAVARZ
## *Attorney at Law*

16 COURT ST., 26TH FLOOR     WWW.NEWYORKCONSUMERATTORNEY.CO     Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026     E-mail: ahmad@NewYorkConsumerAttorney.com     Fax: (877) 496-7809

January 20, 2023

<u>VIA ECF</u>
Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     **Reply in support of letter motion [Dkt. No. 32] to enforce prior order or otherwise compel production of insurance policies from Mott and ATM Defendants.**

    ***Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al.,* No. 1:22-cv-02314-EK-LB**

Dear Judge Bloom:

    This firm, along with Nassau Suffolk Law Services Committee, Inc., represents Plaintiff Lovern Onfroy in the above-entitled action.

    Defendants are The Law Offices of Geoffrey T. Mott, P.C. ("The P.C."), a collection law firm, the P.C.'s principal Geoffrey T. Mott ("Mr. Mott"), and an associate at the P.C. Samuel Miller (collectively the "Mott Defendants"), and Kenneth J. DeCota ("DeCota"), a former attorney at the P.C.; and Arthur T. Mott Real Estate, LLC ("ATM"), and 700 Merrick LLC (the "Landlord") (collectively the "ATM Defendants").

    The Opposition of the Mott and ATM Defendants do not address or rebut any of Plaintiff's arguments. Consequently, Plaintiff's application should be granted.

    Remarkably, the Mott and ATM Defendants *still* have not produced their mandatory Fed.R.Civ.P. 26(a)(1) disclosures, including written disclosures as to insurance coverage required under Fed.R.Civ.P. 26(a)(1)(A)(iv). This is despite the failure to serve Initial Disclosures formed a basis of Plaintiff's application [Dkt. 32, p. 2] and despite despite representing in the October 20, 2022 Fed.R.Civ.P. 26(f) report [DE 27 ¶ 6] that they had done so. For this reason alone not only is Plaintiff's application not moot, the application should be granted.

    On January 12, 2023, Mott Defendants produced two insurance policies to Plaintiff, and the next day emailed the undersigned asked for Plaintiff to withdraw her Motion. As the undersigned was completing a letter to counsel for the Mott and ATM Defendants, they filed their Opposition [Dkt. No. 38]. Regardless, completed and sent opposing counsel a letter (Exhibit A) stating Plaintiff would withdraw her application if the Mott and ATM Defendants made the following representation to the Court:

    On July 12, 2013 I produced all insurance policies for by each defendant I represent effective from January 1, 2019 to present regardless if we believe the policy would cover the claims brought by way of this suit or if we forwarded the claim to the carrier. This

production included any declaration sheets and renewals. It also included policies as to co-Defendant DeCota, a former attorney at The Law Offices of Geoffrey T. Mott, P.C.

Also, prior to filing this letter, I served full and complete Initial Disclosure answers for each of my clients also itemizing which policy applied to which Defendant, including if it applied co-Defendant DeCota.

In the letter the undersigned indicated a belief the request was reasonable because our preliminary review of the two insurance policies (referenced as the CNA Policy and the Midvale Policy) raised additional concerns. The CNA Policy is attached as Exhibit B and the Midvale Policy declaration sheet as Exhibit B.[1] As we stated in the letter:

1. Neither of the policies cover the full period of time at issue. The policy period for the CAN policy is from 09/10/2020 to 09/01/2021; the policy period for the Midvale policy is from 11/26/2019 to 11/26/2020. If these policies have been renewed, we need to see the renewals.

2. The Midvale policy states the name of the insured is "Arthur T. Mott et al."  I do not know who that is. Please provide a document from the insurance company identifying "Arthur T. Mott et al." as used in the policy.

3. There are no policies produced for the P.C., Mr. Mott, DeCota, ATM, or the Landlord. Please produce all policies for each of these Defendants.

Further, the CNA policy, entitled "Lawyers Professional Liability Policy" names as the insured as "Samuel W. Miller" his mailing address as "7600 Jericho Turnpike, Suite 105 Woodbury, NY 11797."  This is the same address as the P.C. It is simply inconceivable that there would be an insurance policy for Mr. Miller, apparently an associate at the P.C., but not a policy that would also cover the P.C. and all of the other attorneys at the P.C., including co-Defendant DeCota.

The Mott and ATM Defendants assert in their Opposition that, "Plaintiff now wants Defendants to prove a negative that no other policies exist."  Not so. In the letter of January 13 (Exhibit A), the undersigned offered to withdraw the application if the Mott and ATM Defendants representations to the court as requested, along with the Initial Disclosure answers. If anything, the limited production just raises more questions. On January 17 the undersigned again emailed opposing counsels and offered to withdraw the applications if they made the above representations to the Court and, importantly, provided their Initial Disclosure answers. They have ignored that request.

 Accordingly, Plaintiff requests the Court to grant her application [Dkt. No. 32]. Specifically, Plaintiff asks for an order that, by February 3, 2023:

The Mott Defendants and ATM Defendants shall produce all insurance policies in their possession, custody or control in effect from January 1, 2019 to present, regardless if they subjectively believe the policies would cover the claims brought by way of this suit. This production shall include any declaration sheets and renewals. To the degree it is in their possession, custody or control, they shall also produce such documents as to co-Defendant DeCota, a former attorney at The Law Offices of Geoffrey T. Mott, P.C. Further, the Mott Defendants and ATM Defendants shall serve full and complete

---

[1] The Midvale Policy is not filed as it is 166 pages, but can be filed if the Court requests.

disclosures required by Fed.R.Civ.P. 26(a).

Respectfully,

/s/

Ahmad Keshavarz

Enclosures

      Exhibit A (January 13, 2023 letter offering to withdraw application)

      Exhibit B (CNA Policy)

      Exhibit C (Midvale Policy declaration sheet)

cc: all counsel of records via ECF