# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

January 30, 2023

<u>VIA ECF</u>
Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Letter Motion for Reconsideration as to January 25, 2023 Order Compelling Insurance.

***Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al.,* No. 1:22-cv-02314-EK-LB**

Dear Judge Bloom:

This firm, along with Nassau Suffolk Law Services Committee, Inc., represents Plaintiff Lovern Onfroy in the above-entitled action.

Defendants are The Law Offices of Geoffrey T. Mott, P.C. ("The P.C."), a collection law firm, the P.C.'s principal Geoffrey T. Mott ("Mr. Mott"), and an associate at the P.C. Samuel Miller (collectively the "Mott Defendants"), and Kenneth J. DeCota ("DeCota"), a former attorney at the P.C.; and Arthur T. Mott Real Estate, LLC ("ATM"), and 700 Merrick LLC (the "Landlord") (collectively the "ATM Defendants").

Plaintiff requests reconsideration of the January 25, 2023 Order by Your Honor that "the Mott and ATM defendants shall identify and produce to plaintiff all insurance policies and any renewals effective from January 1, 2019 to the present for each defendant (including defendant DeCota, to the extent it exists) which may potentially cover plaintiff's **FDCPA claim** by February 15, 2023" [emphasis added] to the extent that the Order is limited to Plaintiff's FDCPA claim.

Plaintiff's FDCPA claims are only as to the Mott Defendants and DeCota. Plaintiff's claims against the ATM Defendants are limited to GBL 349, negligence, and gross negligence. Therefore the current order would not compel the ATM Defendants to produce any policies. This is despite the fact that one insurance policy seems to apply to the ATM Defendants and Mr. Mott. *See* DE 32-2 p. 1 (Network Adjusters insurance coverage letter addressed to Mr. Mott, ATM, and the Landlord) (the "Insurance Letter").

Likewise, different insurance policies could cover different claims against the Mott Defendants and DeCota. Plaintiff's claims against the Mott Defendants and Decota include not only FDCPA claims, but also claims for GBL 349, negligence, and gross negligence. Accordingly limiting the production of insurance to coverage of the FDCPA claim may leave out insurance policies that are applicable to Plaintiff's state law claims as to the Mott Defendants, particularly as to negligence. Notably, the Insurance Letter would allow coverage for at least the defense of one of the negligence claims but not no coverage whatsoever as to other claims, such

as violations of the FDCPA, GBL 349 or gross negligence. (Compare DE 32-2 p. 4, ¶ 2 with ¶ 4).

As such, Plaintiff requests that the January 25 Order be amended to replace "plaintiff's FDCPA claim" with "all of plaintiff's claims in this lawsuit," so as to read "the Mott and ATM defendants shall identify and produce to plaintiff all insurance policies and any renewals effective from January 1, 2019 to the present for each defendant (including defendant DeCota, to the extent it exists) which may potentially cover **all of plaintiff's claims in this lawsuit** by February 15, 2023" [emphasis added].

Respectfully,

/s/

Ahmad Keshavarz

cc: all counsel of records via ECF