

July 21, 2025

Hon. Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Defendant's Briefing in Opposition to Motion to Enforce Settlement**
*Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al., No. 1:22-cv-02314-EK-LB*

Dear Judge Komitee:

The office of the undersigned represents the defendant in above referenced matter and respectfully submits this opposition to Plaintiff's motion to enforce settlement, pursuant to the Court's directive on July 7, 2025 directing the same.

Plaintiff's motion to enforce settlement is meritless. Defendants have complied with the statement on record and supplied Plaintiff with the original Confession of Judgment by June 13, 2025 as ordered by the Court.

On the record, Defendants were to prepare the Confession of Judgment. Defendants prepared it and delivered an original to Plaintiff. However, Plaintiff was unsatisfied with the document and stated that they would prepare it and send it for signature. This was on June 12, 2025. Defendants requested that Plaintiff ask the Court for an extension of time to provide an original after the June 13 2025 date previously ordered. The Court maintained that the original must be provided by June 13, 2025. Plaintiff never requested such relief. There was no extension of time granted by the Court.

Defendant has made the first payment pursuant to the agreement. Annexed hereto.

Plaintiff accepted this payment and did not return it.

Plaintiff claims that the settlement should be enforced and we agree that the settlement is enforceable. They further request to enter the Confession of Judgment as a de minimus breach or material breach exists.

No breach exists at all. Plaintiff is in possession of a Confession of Judgment pursuant to the settlement on record. They claim that it has Defendants business address and not personal address. This does not constitute a breach. This Confession of Judgment is fully operational.

Defendants included language that:

Defendants agreed to a settlement with Plaintiff in regards to a matter in the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK under index number 22-cv-2314.

This language incorporates the full statement on record of the settlement terms.

Thereafter, language was fleshed out regarding the payment schedule and default:

The Settlement included a payment schedule of FIFTEEN THOUSAND ($15,000.00) to be paid on each July 1, 2025, August 1, 2025, September 2, 2025, and October 1, 2025. A final payment of TEN THOUSAND ($10,000.00) to be paid November 3, 2025. As per the agreement Plaintiff was to release all claims in the above matter against Defendants. There is no admission of liability by Defendants. The agreement provides for the execution and filing of a confession of judgment in the case of a default pursuant to the agreement. Defendants are entitled to one 15 calendar day grace period to cure a default of a payment due pursuant to the payment schedule.

This language was in no way to detract from the settlement entered on the record.

In no way was Defendant in breach or default of the agreement. Plaintiff has not called our office to discuss but rather continues to file unnecessary motions with the Court. There is no reason to find Defendants in breach or default to allow Plaintiff to enter the Confession of Judgment.

Respectfully submitted,

LAW OFFICE OF ALAN J. SASSON, P.C.

___/s/ALAN J. SASSON_____
Alan J. Sasson, Esq.

Cc: All counsel of Record (Via ECF)