# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

September 12, 2015

<u>VIA ECF</u>
Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    Letter brief as to why Court has jurisdiction to enter judgment on breach of May 30, 2025 settlement agreement.**
***Onfroy v. The Law Office of Geoffrey T. Mott, P.C., et al.,* No. 1:22-cv-02314-EK-LB**

Dear Judge Komitee:

This firm, along with Nassau Suffolk Law Services Committee, Inc., represents Plaintiff Lovern Onfroy in the above-entitled action against Defendants The Law Offices of Geoffrey T. Mott, P.C. and Geoffrey T. Mott (collectively "Mott"), and Samuel Miller, an attorney at the firm ("Miller") (collectively "Defendants") for their violations of the Fair Debt Collection Practices Act.

On September 5, the Court instructed Plaintiff to file a letter explaining why the Court has jurisdiction to enter judgment in federal court on the breach of the May 30 settlement agreement made on the record. As instructed by this Court, I have shared this letter with opposing counsel on September 9. I apologize that I was not able to complete and share the letter by 12:30 PM, but instead at approximately 3:30 PM.

1. **Summary of breach of May 30 settlement agreement made on the record [Dkt. No. 88]**

The merits of the issue as to why the settlement on the record is binding, why the breach of the settlement agreement is material, and why the Court should enter judgment based on a breach of the May 30 settlement agreement are outlined in Plaintiff's September 4 First-Amended Motion to Enter Judgment Based on Breach of Settlement. [Dkt. No. 88]. In brief, Mott and Miller made an agreement where Mott would pay a total amount of $70,000, over a period of installments. In exchange the Mott Defendants would be dismissed with prejudice and, after payments were completed, Miller would be dismissed without prejudice. As security for the payments Mott was to email a scanned copy by June 6 and deliver by June 13 the original copy of an enforceable Confession of Judgment as to Mr. Mott and his firm. Time was of the essence and there were no *de minimis* breaches. Mott sent two different confessions of judgment but they were not enforceable because, among other reasons they were not captioned to be filed in Suffolk County, where Mr. Mott resides. *See* Dkt. 88 p. 4 (gathering cases). Defendants refused to cure this breach despite multiple demands in June, July, and August. Mott made two of the four payments, both late, and then ceased making payments, despite being sent a notice to cure letter. Under the terms of the settlement Plaintiff should be able to enter a confession of judgment against Mott, but cannot do so because of Motts' refusal to execute a confession of judgment that

is enforceable. In addition, Mott has demanded any confession of judgment be modified to extend the dates of the remaining $40,000 in payments over the course of a year.

2. **This Court has authority and jurisdiction to enforce settlement agreements made on the record in open court by entry of judgment.**

A district Court has authority to enter a judgment, even if the settlement agreement "does not include a completely drafted consent judgment." *Janus Films, Inc. v. Miller, 801 F.2d 578, 583* (2d Cir. 1986) (citations omitted). As the Second Circuit has explained:

> A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings. Even if the settlement agreement does not include a completely drafted consent judgment, a court is not obliged to place a trial on hold, to be resumed if the parties fail to agree on the precise wording of a judgment. Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of a settlement agreement.

*Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986) (citations omitted).

The Second Circuit, relying on *Janus Films*, has affirmed the proposition that district courts may enforce settlement agreements reported or agreed to on the record in open court. *United States v. Sforza*, 326 F.3d 107, 115–16 (2d Cir. 2003).

The case most on point to the case at bar is *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 248–50 (S.D.N.Y. 2015). In *Febus*, the Court entered judgment against a defendant under a nearly identical fact pattern to the case at bar: all parties agreed to a settlement with payment to be made over a period of time, only for one defendant to abruptly renege on his obligations under the settlement. The defendant refused to sign the sign the agreed-upon state court confession of judgment,[1] was late on settlement payments and failing to cure after notice, did not make payments in the manner agreed, and then ultimately stopping making payments at all. The Court found that the defendant breached the settlement agreement by, among other things, failing to sign the confession of judgment. In language that could well be used in this case exactly:

> Stark, a sophisticated financial actor, cannot evade the very purpose of a confession of judgment—to avoid motion practice between the parties—by agreeing in a signed Settlement Agreement to enter into the confession of judgment and then simply refusing to sign the document. The parties inserted the confession of judgment requirement in the Settlement Agreement due to plaintiffs' prescient concern about defendants' willingness to pay.

*Id*. at 249.

---

[1] While the decision does not expressly state it was a state court confession of judgment, that is clear from the context. The citations to authority were to state court forms, rules and decisions, as well as federal court decisions interpreting state court confessions of judgment. The prejudgment and postjudgment interest rates were based on N.Y.C.P.L.R rules and set at 9 percent. More basically, I am not aware of the concept of a confession of judgment in federal court, just a judgment.

In the case at bar, Mr. Mott has been an attorney since 1987.[2] His practice for decades has been filing suits to collect rent, and then to execute on the resulting judgments. He knows how to draft and execute an enforceable confession of judgment. He simply does not want to.

### 3. Entry of judgment.

Judgment should be entered jointly and severally with Miller. Mr. Miller was to benefit from the May 30 settlement by being dismissed from the case without prejudice after payments were made. Consequently, he should also share the cost of the breach of that settlement agreement. I conferred with David Pretter, counsel for defendants, at the conclusion of September 5 hearing. He agreed the judgment should include Mr. Miller, but indicated he did not have the authority to make that decision. It would need to be made by his boss, attorney Alan Sasson and his client.

I have attached a blank form judgment from the U.S. Courts forms website, https://www.uscourts.gov/forms-rules/forms/judgment-a-civil-case . I have modified the form to apply jointly and severally to all Defendants for $70,000, plus 9% prejudgment interest from June 6, 2025, the date Mott breached the settlement agreement by failing to email an enforceable confession of judgment. That proposed judgment is also attached.

Plaintiff appreciates the time of the Court.

Sincerely,

/s/

Ahmad Keshavarz

cc: all counsel via ECF
Enclosures (as stated)

---

[2] However Mr. Mott was disbarred in 2003 for having "wrongfully converted to his own use and benefit funds entrusted to him as a fiduciary," among other misconduct. *In re Mott*, 309 A.D.2d 162, 165, 765 N.Y.S.2d 383, 385 (2003). Mr. Mott remained disbarred for nine years, ultimately being reinstated in 2012. *In re Mott*, 97 A.D.3d 683, 948 N.Y.S.2d 908 (2012).