```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

   LOVERN ONFROY,

                   Plaintiff,               **MEMORANDUM & ORDER**
                                             22-CV-2314(EK)(SDE)

           -against-

   THE LAW OFFICES OF GEOFFREY T. MOTT,
   P.C., GEOFFREY T. MOTT, and SAMUEL
   MILLER,

                   Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Lovern Onfroy's landlord brought several state court lawsuits against her after she allegedly failed to pay rent. Two of those lawsuits sought unpaid rent for the same period — October 2020 through March 2021. She sued, alleging violations of the Fair Debt Collection Practices Act ("FDCPA").

        At this stage, the remaining defendants are the law firm that represented the landlord — The Law Offices of Geoffrey T. Mott, P.C. — and two of its attorneys, Mr. Mott (the firm's principal) and Samuel Miller. In May, Onfroy agreed to a settlement with Mott P.C. and Mr. Mott (the "Mott defendants"), on the record in open court.

        Since then, Onfroy contends that the Mott defendants have violated the agreement's terms. Onfroy has now moved to enforce the settlement. Onfroy also now seeks to hold defendant

Miller jointly and severally liable for the contemplated settlement, though the agreement did not contemplate his personal liability.

## I.  Background

The parties explained the settlement terms in detail on the record.  The Mott defendants agreed to pay a total of $70,000, split across five installments between July and November 2025.  Tr. of Proceedings on May 30, 2025, at 23:1-12 ("Settlement Tr."), ECF No. 92.  They also agreed to provide Onfroy a confession of judgment by June 13, consistent with an agreed-upon precedent, for the full settlement amount less any payments made up to that point.  *Id.* at 23:13-24.

In New York, a confession of judgment allows a party (typically a creditor) to "file a judgment voluntarily confessed," avoiding the need for a separate action.  Siegel, N.Y. Prac. § 299 (6th ed.).  Once filed and entered in state court, it "may then be enforced as if duly rendered by that court."  *Id.* § 301.  Confessions of judgment are "closely scrutinized and will be valid only if [they conform] to the strict requirements" of C.P.L.R. § 3218.  *Id.* § 299.  Onfroy agreed to provide a release and dismiss the remaining defendant, Miller, within thirty days of payment.  Settlement Tr. 24:21-25:3, 26:1-6.

Since then, the Mott defendants and their counsel have tried, unsuccessfully, to provide an enforceable confession of judgment.  In one attempt, they failed to include Mott's correct county of residence, a requirement under Section 3218.  *See* ECF No. 88-3 (confession of judgment indicating Nassau County); ECF No. 88, at 2 (describing Mott's county of residence as Suffolk County).  At a subsequent conference, defense counsel reported that they had sent Mott a confession of judgment "several times to sign," but to no avail.  Tr. of Proceedings on Sept. 5, 2025, at 4:1-4, ECF No. 91.  In response, the Court explained that it was considering simply entering judgment, obviating the need for a confession of judgment.  *Id.* at 4-6.

**II.  Discussion**

The Second Circuit has endorsed the use of "settlement judgments," whereby district courts enter judgment on terms agreed to by the parties on the record.  Such judgments avoid "an additional lawsuit for breach of a settlement agreement" and provide "[d]ue regard for the proper use of judicial resources." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986).[1]

Judgment is also appropriate when a party agrees in a settlement to provide a signed confession of judgment and does not do so.  In *Febus v. Guardian First Funding Group, LLC*, the

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

court entered judgment after a party agreed "to enter into the confession of judgment and then simply refus[ed] to sign the document." 90 F. Supp. 3d 240, 249 (S.D.N.Y. 2015). Otherwise, a party could evade "the very purpose of a confession of judgment — to avoid motion practice between the parties." *Id.*

When entering a settlement judgment, "the judge is obliged to determine the detailed terms of the relief and the wording of the judgment," as "the parties have agreed only upon the basic aspect of relief." *Janus Films*, 801 F.2d at 582. Here, a determination of the relief is not necessary, as the parties extensively "detailed terms" of the settlement. *Id.* The Court will simply need to determine the judgment's wording.

Given the foregoing, the Court will enter judgment requiring the Mott defendants to pay $70,000.[2] We also add prejudgment interest at nine percent, accruing from June 13, the day on which the Mott defendants were to have provided the confession of judgment.[3] The Court will not enter judgment against Miller. A settlement judgment may only award "those precise forms of relief that are either agreed to by the parties or fairly implied by their agreement." *Id.* The settlement did

---

[2] The Mott defendants have filed records indicating that some settlement payments have already been made. ECF No. 85.

[3] In New York, interest "shall be recovered upon a sum awarded because of a breach of performance of a contract," and the computation runs "from the earliest ascertainable date the cause of action existed." C.P.L.R. §§ 5001(a)-(b); *id.* § 5004(a) (setting the applicable rate at nine percent); *see also Febus*, 90 F. Supp. 3d at 249-50 (awarding prejudgment interest).

not contemplate Miller paying any money, and contemplated his dismissal within thirty days of payment.

Finally, though this judgment does not resolve claims as to Miller, a partial final judgment is appropriate. Such a judgment may be entered "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making this latter determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Both factors weigh in favor of a partial final judgment and there is no just reason for delay. Onfroy "is legally entitled to a judgment" on the settlement and "should be able to execute upon it now." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992). Further delay would continue to frustrate the purpose of the confession of judgment. Additionally, any remaining proceedings as to Miller have not yet been scheduled and may not be for months. *See Cromer Fin. Ltd. v. Berger*, No. 00-CV-2284, 2002 WL 31388721, at *2 (S.D.N.Y. Oct. 23, 2002) (weighing this fact in favor of entering partial final judgment).

Consideration of the Second Circuit's administrative interests do not counsel otherwise. Appellate courts endeavor to avoid piecemeal appeals, *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011), and appeals that may be rendered advisory or moot by disposition of remaining claims. *Ginett*, 962 F.2d at 1095. There is no such risk here. Any appeal by the Mott defendants would challenge the Court's enforcement of the settlement. Any appeal filed by Miller would concern the merits of the FDCPA case.

### III. Conclusion

Plaintiff's motion to enforce the settlement, ECF No. 88, is granted in part. The Clerk of Court is respectfully directed to enter judgment against defendants The Law Offices of Geoffrey T. Mott, P.C. and Geoffrey T. Mott for (a) $70,000 and (b) prejudgment interest of nine percent on this amount, accruing from June 13, 2025 to the entry of judgment. The Court will not retain jurisdiction over these defendants, and the Clerk of Court is directed to terminate them from this case. Plaintiff is directed to dismiss Miller by January 30 or show cause why such dismissal should not occur. Defendants' motion to extend the time to complete discovery, ECF No. 82, is denied

without prejudice to renew, and Plaintiff's prior motion for settlement, ECF No. 81, is terminated as moot.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   December 9, 2025
         Brooklyn, New York