

Alan J. Sasson, Esq.<br>
2102 Avenue Z, Suite 201<br>
Brooklyn, NY 11235<br>
(718) 339-0856

December 19, 2025

**VIA ECF**
Honorable Eric Komitee
United States District Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Onfroy v. The Law Offices of Geoffrey T. Mott, P.C., et al.**
           Case #:**22-cv-02314-EK-SDE**

Dear Honorable Judge Komitee:

    I am counsel for the Mott Defendants. I respectfully submit this letter motion requesting (i) an adjustment of the judgment entered against the Mott Defendants to reflect payments already made toward the settlement, and (ii) dismissal of this action in its entirety, including dismissal of Defendant Samuel Miller, consistent with the global settlement placed on the record and the Court's express limitation on retained jurisdiction.

    On May 30, 2025, the parties placed a global settlement on the record in open court. The settlement required payment of a total of $70,000.00 by the Mott Defendants and further provided that Defendant Samuel Miller would be released and the claims against him discontinued within thirty (30) days, with the Court retaining jurisdiction solely for that limited period. The transcript is clear that the settlement was intended to fully and finally resolve the action as to all defendants, without exception (Tr. Of Proceedings on May 30, 2025, at 25:13-16)(ECF No. 92).

    To date, the Mott Defendants have paid a total of $35,000.00 toward the settlement, representing one-half of the agreed amount. Copies of the wires are attached herein for the Court's review. Accordingly, the judgment should be adjusted to credit these payments, such that any remaining judgment reflects only the unpaid balance rather than the full $70,000.00 settlement sum.

    Dismissal of the action in its entirety is also compelled by both the settlement terms and the Court's prior rulings. As the Court expressly recognized, the settlement "did not contemplate Miller paying any money, and contemplated his dismissal within thirty days of payment," and the Court agreed to retain jurisdiction only for a defined and limited period. That retention period expired on June 29, 2025. As of that date, Defendant Miller should have been released and discontinued as a matter of right, and the Court's retained jurisdiction over settlement enforcement concluded.

Continuing the claims against Mr. Miller beyond June 29, 2025 directly contradicts the plain language of the settlement placed on the record, the parties' mutual intent, and the Court's express findings. The settlement was global, comprehensive, and final; it contained no reservation permitting claims against Mr. Miller to survive beyond the retention period. Allowing those claims to remain pending improperly extends the litigation beyond both the parties' agreement and the Court's retained authority.

For these reasons, we respectfully request that the Court:

1. Adjust the judgment amount to reflect the $35,000.00 already paid by the Mott Defendants toward the settlement; and

2. Dismiss this action in its entirety, including immediate dismissal of Defendant Samuel Miller with prejudice, consistent with the global settlement and the expiration of the Court's retained jurisdiction on June 29, 2025.

This relief is necessary to effectuate the settlement placed on the record, enforce the Court's own Order, and finally conclude this matter as intended by all parties.

Respectfully submitted,

By: *Alan J. Sasson*
Alan J. Sasson, Esq.